Citation Nr: 1744033 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 11-18 109 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia




THE ISSUES

1. Entitlement to an extraschedular rating for right ring finger injury residuals.

2. Entitlement to a separate rating for right hand manifestations associated with right ring finger injury residuals.




ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel





INTRODUCTION

The appellant is a Veteran who served on active duty from January 1979 to August 1985.

This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Atlanta, Georgia Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran was scheduled to present testimony at a Travel Board hearing in February 2015, but he failed to report to that hearing. Because the record does not contain further explanation as to why he failed to report to the hearing, or a request to reschedule the hearing, the Board deems his request for such a hearing to be withdrawn. See 38 C.F.R. § 20.704 (2016).

After remanding the case in April 2015, the Board issued a decision in November 2015 (by a Veterans Law Judge other than the undersigned) that denied the matter of an initial compensable schedular rating for right ring finger injury residuals (under 38 C.F.R. § 4.71a, Codes 5227 and 5230), and remanded the matter of an extraschedular rating for right ring finger injury residuals (under 38 C.F.R. § 3.321(b)(1)) for further development. Consequently, the matter of the schedular rating for right ring finger injury residuals is not before the Board.

The case has now been assigned to the undersigned Veterans Law Judge. In evaluating the evidence of record in the light most favorable to the Veteran's case, the Board has added the issue of entitlement to a separate rating for right hand manifestations associated with right ring finger injury residuals to the current appeal, as reflected on the title page.

Because further development is necessary to consider a rating higher than the 10 percent rating currently being assigned for right hand manifestations associated with the Veteran's right ring finger injury residuals, that issue is being REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.

FINDINGS OF FACT

1. The functional effects of the Veteran's service-connected right ring finger residuals on his right ring finger alone have been adequately contemplated by the schedular rating criteria, and therefore the evidence does not present such an exceptional disability picture that the available schedular ratings for such disability are inadequate.

2. Throughout the entire appeal period, and after resolving all doubt in the Veteran's favor, the functional effects of his service-connected right ring finger residuals on his right hand as a whole are shown to have resulted in impairment of the intrinsic muscles of his right hand, producing limitation of motion of his right hand.


CONCLUSIONS OF LAW

1. An extraschedular rating for the Veteran's service-connected right ring finger injury residuals is not warranted. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321(b)(1), 4.71a, Codes 5227, 5230 (2016).

2. For the entire appeal period, a separate rating of at least 10 percent for right hand manifestations associated with right ring finger injury residuals is warranted. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.10, 4.73, Code 5309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant matters.

VA's duty to notify was satisfied by letters in July 2008 and July 2009. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran's pertinent treatment records have been obtained. The Veteran underwent VA hand and finger examinations in March 2011 and January 2015. The Board finds that the reports of these VA examinations contain sufficient specific clinical findings and informed discussion of the history and features of (as well as functional impairment due to) the Veteran's right ring finger disability to constitute probative medical evidence adequate for rating purposes. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

All of the relevant development requested by the Board's April 2015 and November 2015 remands was completed (to include obtaining an opinion from the Director of Compensation Service addressing consideration of an extraschedular rating for the Veteran's right ring finger disability). See Stegall v. West, 11 Vet. App. 268 (1998).

The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide the matters of entitlement to an extraschedular rating for right ring finger injury residuals and entitlement to a separate rating for right hand manifestations associated with right ring finger injury residuals, and that no further development of the evidentiary record in these matters is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met.

Legal Criteria, Factual Background, and Analysis

The Board notes that it has reviewed all of the evidence in the record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the matters being decided.

The Board is grateful to the Veteran for his honorable service.


Extraschedular Rating for Right Ring Finger Injury Residuals

The Court has clarified that there is a three-step inquiry for determining whether a Veteran is entitled to an extraschedular rating. Thun v. Peake, 22 Vet. App. 111, 115 (2008). Initially, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular ratings for the service-connected disability are inadequate. See Yancy v. McDonald, 27 Vet. App. 484 (2016); Doucette v. Shulkin, 28 Vet. App. 366 (2017) (holding that either the Veteran must assert that a schedular rating is inadequate or the evidence must present exceptional or unusual circumstances); Sowers v. McDonald, 27 Vet. App. 472, 478 (2016) ("[t]he rating schedule must be deemed inadequate before extraschedular consideration is warranted"). Second, if the schedular rating does not contemplate the Veteran's level of disability and symptoms and is found to be inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as marked interference with employment and frequent periods of hospitalization. Thun, 22 Vet. App. at 116. Third, if the first two Thun elements have been satisfied, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating. Thun, 22 Vet. App. at 116. In other words, the first element of Thun compares a Veteran's symptoms to the rating criteria, while the second element considers the resulting effects of those symptoms; if either prong is not met, then referral for extraschedular consideration is not appropriate. Yancy, 27 Vet. App. at 494-95.

The Court has held that the Director's extraschedular decision is one of fact, not one of opinion, discretion, or policy, and is reviewable by the Board on a de novo basis. The Board may assign an extraschedular rating when appropriate, and is only precluded from assigning an extraschedular rating "in the first instance." Floyd v. Brown, 9 Vet. App. 88, 94-95 (1996). With respect to the term "in the first instance," the Court clarified that the Board may assign extraschedular ratings when reviewing either a grant or a denial of an extraschedular rating by the Director. See Kuppamala v. McDonald, 27 Vet. App. 447 (2015).

The schedular rating criteria provide that no more than a 0 percent rating is warranted for any limitation of motion of the ring finger (see 38 C.F.R. § 4.71a, Code 5230) and that no more than a 0 percent rating is warranted for any ankylosis (either favorable or unfavorable) of the ring finger (see 38 C.F.R. § 4.71a, Code 5227).

In the current case, the Veteran's right ring finger injury residuals are rated as 0 percent disabling under 38 C.F.R. § 4.71a, Code 5230. Throughout the appeal period, the Veteran's service-connected right ring finger disability has been shown to cause limitation of motion in his right ring finger, as reported by the Veteran to VA treatment providers and as demonstrated on VA hand and finger examinations in March 2011 and January 2015. [Such disability has not been shown to cause any ankylosis in his right ring finger at any time.]

As noted above in the Introduction, the Board found in its November 2015 decision (which is final with regard to the schedular rating assigned for the Veteran's right ring finger residuals) that the criteria for the assignment of an initial compensable schedular rating had not been met for such disability (including under Codes 5230 and 5227). The Board also found in its November 2015 decision that the Veteran could not be assigned a higher schedular rating due to painful motion [either under 38 C.F.R. § 4.59 or pursuant to DeLuca v. Brown, 8 Vet. App. 202 (1995)] because the rating schedule does not provide a minimal compensable rating for the ring finger joint; this conclusion has been supported by subsequent case law. See Sowers, 27 Vet. App. at 472.

Pursuant to the Board's November 2015 remand regarding the issue of an extraschedular rating for right ring finger injury residuals, the case was referred to the Director of Compensation Service for extraschedular consideration pursuant to 38 C.F.R. § 3.321(b)(1) (in order for the Director to provide an opinion specifically addressing evidence pertaining to the functional effects of the Veteran's right ring finger disability on his entire right hand). In March 2017, the Director provided the following opinion: "Based on the totality of evidence on record, there is no foundation for an extra-schedular evaluation for a disability rating in excess of 0 percent for the right ring finger." The Director found that the Veteran's disability picture was "free of an unusual or exceptional disability pattern[,] [because] all symptoms are found within the rating schedule."

[The Board finds that the Director's March 2017 opinion did not adequately address the evidence indicating that the Veteran's service-connected right ring finger disability had caused symptoms that affected his entire right hand. On this point alone, the Director's March 2017 opinion is entitled to no probative weight, and the Board will address the Veteran's associated right hand manifestations in the section below (which pertains to the assignment of a separate rating for such manifestations) as well as in the Remand section.]

In light of the above, the Board finds that the functional effects of the Veteran's service-connected right ring finger residuals on his right ring finger alone (i.e., limitation of motion of the right ring finger) have been adequately contemplated by the schedular rating criteria (including Code 5230, which specifically addresses ANY and ALL limitation of motion of the right ring finger). Therefore, the Board finds that the evidence does not present such an exceptional disability picture that the available schedular ratings for such disability are inadequate. See Thun, 22 Vet. App. at 111.

Furthermore, the Veteran has not asserted, and the evidence of record has not suggested, any combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. See Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014); see also Yancy v. McDonald, 27 Vet. App. 484, 495 (Fed. Cir. 2016). [Prior to the instant decision, the Veteran's only service-connected disability had been his right ring finger injury residuals.]

Accordingly, the Board finds that entitlement to an extraschedular rating for right ring finger injury residuals, pursuant to 38 C.F.R. § 3.321(b)(1), is not warranted.


Separate Rating for Right Hand Manifestations associated with Right Ring Finger Injury Residuals

When an injury or disease manifests with two different disabilities, then two separate ratings should be awarded. Tropf v. Nicholson, 20 Vet. App. 317, 321 (2006); Esteban v. Brown, 6 Vet. App. 259, 261 (1994).

A Note to Code 5227 (which addresses ankylosis of individual fingers) instructs the adjudicator to consider whether evaluation as comparable to amputation is warranted and whether an additional evaluation is warranted for resulting limitation of motion of other digits or interference with overall function of the hand.

The Board notes that there is evidence of record indicating that the Veteran's service-connected right ring finger disability has caused symptoms that affect his entire right hand, not just the service-connected right ring finger. The pertinent evidence of record includes the following: a July 2007 VA treatment record noting occasional right hand pain; the Veteran's April 2009 statement noting that his right ring finger had affected his right hand and had caused it to swell; his May 2010 Notice of Disagreement (wherein he stated: "Upon the use of my hand, my finger swells to the point of not being able to write or have any use of my hand"); a December 2013 VA treatment record noting his report of right hand weakness; a February 2014 VA treatment record noting weakness and swelling of his right hand; and the finding on a January 2015 VA hand and finger examination that flare-ups of his right index finger disability impacted the function of his right hand (described by him as follows: "When I use it during strenuous work[,] it flares-up, the[n] I lose my grab [grip]").

In evaluating the effects of the Veteran's service-connected right ring finger disability, the Board finds that a separate rating is necessary to compensate for the functional effects of his service-connected right ring finger residuals on his right hand as a whole, which are shown by the above-noted evidence to have resulted in impairment of the intrinsic muscles of his right hand, producing limitation of motion of his right hand.

To this end, the Board finds that the Code which best approximates this disability picture is Code 5309 (under 38 C.F.R. § 4.73), which rates impairment of the intrinsic muscles of the hand. Rating under Code 5309 by analogy is warranted, based on the anatomical location and functions affected. 38 C.F.R. § 4.20. Code 5309 provides that a minimum 10 percent rating is warranted for the hand, based on limitation of motion. Such a rating is appropriate here in light of the relatively slight impairment of hand function from a single finger. The Board notes that this is also consistent with application of 38 C.F.R. § 4.59, which indicates an intent by VA to at least minimally compensate painful joint motion.

Accordingly, the Board finds that entitlement to a separate rating of at least 10 percent [with the potential for a higher rating to be awarded, after further development is accomplished on remand], for right hand manifestations associated with right ring finger injury residuals, is warranted for the entire appeal period.


ORDER

An extraschedular rating for right ring finger injury residuals is denied.

A separate rating of 10 percent for right hand manifestations associated with right ring finger injury residuals, under 38 C.F.R. § 4.73, Code 5309, is granted, subject to the regulations governing payment of monetary awards.

 (CONTINUED ON NEXT PAGE)




REMAND

The issue of entitlement to a rating potentially higher than 10 percent for the right hand manifestations associated with the Veteran's service-connected right ring finger injury residuals requires further development.

The Veteran has stated that he loses the use of his right hand, to include the ability to write, grab, and grip, when his right ring finger disability flares up. On remand, the Veteran will be given an opportunity to submit additional evidence for this claim. In addition, after all updated pertinent treatment reports are obtained, VA will provide a muscle examination for the Veteran's right hand.

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should take all necessary action to ensure compliance with all VCAA notice and assistance requirements, to specifically include furnishing the Veteran notice of the specific information and evidence necessary to substantiate a higher rating for the right hand manifestations associated with the Veteran's service-connected right ring finger injury residuals (including under 38 C.F.R. § 4.73, Code 5309).

2. The AOJ should ask the Veteran to identify the provider(s) of any additional (records of which are not already associated with the record) evaluations or treatment he has received for his right hand at any time during the period of the current claim, and to provide all releases necessary for VA to obtain any private records of such evaluations or treatment. The AOJ should obtain for the record complete records of all such evaluations and treatment from all providers identified. If any records requested are unavailable, the reason must be explained for the record. [If the Veteran does not provide the requested releases so that VA may obtain the records, the AOJ must request that the Veteran obtain such records himself and provide them to VA.]

The AOJ should also specifically obtain for the record the complete clinical records of ALL updated (to the present) VA evaluations and treatment the Veteran has received for this disability.

3. The AOJ should arrange for a MUSCLE EXAMINATION of the Veteran to ascertain the severity of his now separately rated right hand manifestations associated with his service-connected right ring finger injury residuals. THE VETERAN'S ENTIRE RECORD MUST BE REVIEWED BY THE EXAMINER IN CONJUNCTION WITH THE EXAMINATION. Any indicated tests or studies must be completed. The examiner should also be provided a copy of the criteria for rating the muscles of the hand. Based on review of the record and examination of the Veteran, the examiner must provide opinions that respond to the following:

a. Please describe all symptoms and manifestations of the Veteran's right hand manifestations associated with his service-connected right ring finger injury residuals (specifically noting also any symptoms found that are not listed in the rating criteria), and describe their degree of severity and impact on function.

b. Please specifically comment on the overall impact that the right hand manifestations have on the Veteran's occupational and daily activity functioning.

The examiner MUST EXPLAIN THE RATIONALE AND REASONING FOR ALL OPINIONS AND CONCLUSIONS PROVIDED, citing to relevant evidence, supporting factual data, medical literature, and prior medical opinions, as appropriate. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested.)

4. The AOJ should then review the record, ensure that all development is completed (AND arrange for any further development suggested by additional evidence received), and readjudicate the claim for a rating higher than 10 percent for the right hand manifestations associated with the Veteran's service-connected right ring finger injury residuals. [In doing so, the AOJ may assign a DIFFERENT DIAGNOSTIC CODE (other than Code 5309) if another code is more appropriate to allow the Veteran to receive a higher rating, based upon the new evidence of record.] If the claim is denied, the AOJ should issue a Supplemental Statement of the Case, afford the Veteran the opportunity to respond, and return the case to the Board.


 (CONTINUED ON NEXT PAGE)
The Veteran has the right to submit additional evidence and argument on the remanded matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). As a remand, this matter must be handled expeditiously. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





______________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs